ROBERT HORACE, JR. *v.* STATE OF INDIANA.

[No. 977S709. Filed December 1, 1978.]

694

*Christopher C. Zoeller,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark A. Mertz,* Deputy Attorney General, for appellee.

DeBRULER, J.—This appeal arises from convictions of appellant for first degree murder, Ind. Code § 35-13-4-1 (Burns 1975) in the shooting death of one Percy Yarber and for assault and battery with intent to kill, Ind. Code § 35-13-2-1 (Burns 1975) in the stabbing and shooting of Doris Yarber. Appellant contends that the verdicts of the jury were not supported by sufficient evidence and should therefore be vacated. The convictions of appellant's co-defendant Billy Merritt was affirmed by this Court at 371 N.E.2d 382.

The case against appellant rested upon the testimony of Doris Yarber who testified that she and her husband Percy Yarber lived in an apartment in Indianapolis, and that her husband was engaged in the illegal sale of drugs. On December 4, 1975, appellant, with whom the couple was well acquainted, came to their apartment together with one Billy Merritt and after entering and being there for twenty minutes appellant and Merritt drew guns and took money from Percy Yarber. The witness Doris Yarber testified that at the time of these events she was an addict and under the influence of a sizable injection of cocaine. Appellant took the witness Doris Yarber to the basement of the apartment building in search of drugs and was given a cache of heroin found there by her and upon returning to the apartment upstairs the four persons

entered a bedroom. Appellant told the witness that "he didn't want to hurt nobody or nothing, you know"; he then nodded to Merritt who held the husband at gunpoint; and he then ushered the witness from the bedroom and immediately attempted to strangle her with an electric cord. She heard several gunshots from the bedroom and saw Merritt emerge from that room. Appellant then pinned her down while Merritt stabbed her with a butcher knife and shot her in the face. Percy Yarber died in the bedroom of multiple gunshot wounds in the head.

Appellant first contends that the evidence serving to identify him as a participant in the crimes was insufficient in that it came from Doris Yarber who was under the influence of a controlled substance during the attacks and who gave conflicting stories about whether drugs had been retrieved by her from the basement and turned over to appellant. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State*, (1969) 253 Ind. 25, 244 N.E.2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State*, (1970) 254 Ind. 401, 260 N.E.2d 558. Recently in *Candler* v. *State*, (1977) 266 Ind. 440, 363 N.E.2d 1233, an insufficiency claim of this nature was considered by the Court. In that case the conviction rested upon the testimony of witnesses who had been drinking alcohol, and the Court held that it would not be justified in erecting a rule that such witnesses are necessarily unreliable because "the effect of intoxication on human perception varies with the degree of intoxication and the individual characteristics of the drinker." We do not perceive of nor are we provided with any reason to evaluate the effect of drugs such as cocaine upon human perception

for this purpose in a different manner. We, therefore, conclude that any impairment of the mental faculties of a witness to be inferred from the ingestion or injection of drugs is a matter for consideration by the jury in according weight to that witness' testimony. The evidence was not insufficient on this basis.

Appellant also argues that the testimony of the witness Doris Yarber is devoid of probative value because she testified at trial that she recovered a cache of heroin hidden in the basement during the forced search and turned it over to appellant. Such statement was contrary to a pre-trial statement made by her in which she denied recovering drugs from the basement. On cross-examination she admitted lying in the pre-trial statement. The difference in the two stories can be attributed to her reluctance to incriminate herself by revealing her intimate knowledge of her husband's illegal operations, but in any event the inconsistency was before the jury and its effect upon her testimony was for the jury and did not render her testimony insufficient to support the verdicts. *Zion* v. *State,* (1977) 266 Ind. 563, 365 N.E.2d 766; *Taylor* v. *State,* (1972) 257 Ind. 664, 278 N.E.2d 273.

Arguing from the implicit assumption that Merritt was the principal in the killing of Percy Yarber and that he (appellant) is to be viewed as an accessory only, appellant contends that the evidence to convict him as such is insufficient in that it failed to sufficiently show that Merritt killed Yarber purposely and with premeditation.

"An act is done purposely if it is willed, is the product of a conscious design, intent or plan that it be done, and is done with an awareness of probable consequences." *McKinstry* v. *State,* (1975) 264 Ind. 29, 338 N.E.2d 636.

An act is done with malice when it is done with "any evil design in general." *McKinstry, supra.* Premeditated malice for first degree murder is shown where the mind has conceived of the thought of taking life, and the thought has been medi-

tated upon and a deliberate determination has been formed to do the act. *Everett* v. *State,* (1934) 208 Ind. 145, 195 N.E. 77. Here there was evidence from which the jury could have concluded beyond a reasonable doubt that Merritt forced Yarber at gunpoint to lie face down on a bed in a back bedroom and while so holding his helpless victim, shot him four times at close range through the back and side of the head causing death. This was sufficient evidence that Merritt killed Yarber purposely and with "premeditation."

Appellant finally argues that the evidence of his guilt as an accessory in the murder of Yarber was insufficient in that it failed to show that he had knowledge of Merritt's plan to kill Yarber. The jury was given an instruction on accessoryship pursuant to Ind. Code § 35-1-29-1, repealed effective October 1, 1977. The "aid or abet" language of the accessory statute was construed in *Pinkler* v. *State,* (1977) 266 Ind. 467, 364 N.E.2d 126, as imposing criminal liability upon one who knowingly renders assistance to another in the commission of a felony. Here appellant entered the apartment with Merritt and drew a gun as did Merritt. He directed the gun at both Percy and Doris Yarber. Upon leaving the bedroom he nodded to Merritt thereby evidencing his knowledge of a preconceived plan that he should do so, and thereupon attempted to kill Doris Yarber by strangulation. The jury was warranted in inferring that appellant and Merritt had reached a decision to kill both Percy and Doris Yarber and that appellant knew that Merritt would use his weapon to accomplish this purpose. There was sufficient evidence to constitute appellant an accessory to the first degree murder of Percy Yarber.

The convictions are affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 382 N.E.2d 929.