Sammy Lee JONES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 382S85.

Supreme Court of Indiana.

Feb. 21, 1983.

Michael A. Dvorak, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged with and convicted of Attempted Murder, Ind. Code § 35–41–5–1; § 35–42–1–1 (Burns 1979), and was sentenced to thirty (30) years imprisonment. This direct appeal presents two issues:

(1) Whether the trial court erred in refusing to give Defendant's Tendered Instruction No. 3 on included offenses.

(2) Whether the trial court erred in refusing Defendant the opportunity to "voir dire" the victim concerning his mental condition at the time of the assault, with a view towards establishing his incompetence as a witness.

\* \* \*

ISSUE I

Defendant's Tendered Instruction No. 3 contained advisements that Attempted Voluntary Manslaughter, Attempted Involuntary Manslaughter, and Battery were lesser included offenses of the offense charged. Over Defendant's objection, the trial court modified the instruction in such manner as to eliminate Voluntary Manslaughter and Attempted Involuntary Manslaughter as such included offenses. The error assigned is the refusal to give the tendered instruction and not the giving of the instruction as modified.

Defendant contends, that under *O'Conner v. State,* (1980) Ind., 399 N.E.2d 364, 368, *Anthony v. State,* (1980) Ind., 409 N.E.2d 632, 636, and *Abbott v. State,* (1981) Ind., 417 N.E.2d 278, 279–80 on a charge of Attempted Murder the jury must be instructed that Attempted Voluntary Manslaughter is an included offense, because the elements of the two offenses are identical. From the above cited cases he arrives at the conclusion that whether or not there was evidence of the presence or absence of "sudden heat" is immaterial.

■ We need not consider the merits of Defendant's contention in this case. Defendant has overlooked the long standing rule that it is not error to refuse an instruction unless it ought to be given as tendered. *McCormick v. State,* (1982) Ind., 437 N.E.2d 993, 997. Defendant's tendered instruction was incorrect, as it would have advised that Attempted Involuntary Manslaughter, was an offense included in the charge. There is no such offense in this state. *Clemons v. State,* (1981) Ind., 424 N.E.2d 113, 118; *Smith v. State,* (1981) Ind., 422 N.E.2d 1179, 1185. A portion of the instruction was, therefore, an incorrect statement of the law, and the court was not required to modify it. It could reject it in its entirety or accept that part which it deemed appropriate.

## ISSUE II

At trial, shortly after the State called the victim as a witness, Defendant requested an opportunity to examine the witness outside the presence of the jury:

> "MR. DVORAK: I want to find out how much narcotics he had partaken of that night to find out how stoned he was that night, to see whether he can recall the events of that night that he is going to be testifying about. I think there is some impeachable information I already have. There are about three or four different stories he's given to the police about what occurred that night and I am confident I can establish to the Court that he is not a competent witness in this case." R. at 167.

The trial court denied the request, specifically relying upon *State v. Kubiak,* (1936) 210 Ind. 479, 481, 4 N.E.2d 193, 194:

> "A careful examination of the text and the authorities cited to support it discloses that such a rule applies only to witnesses who are intoxicated at the time they are offered as witnesses. *A witness is not rendered incompetent by the fact that he was intoxicated on the occasion concerning which he is called to testify.*" (Emphasis added.)

■ During presentation of his testimony, the victim admitted that he had smoked as many as five marijuana cigarettes within a period of one and one-half hours immediately preceding the shooting incident. This matter reflected upon his credibility but not upon his competence to testify. *Horace v. State,* (1978) 269 Ind. 693, 696, 382 N.E.2d 929, 931. Although the witness also admitted to the regular use of marijuana, assertedly for medicinal purposes, there appears nothing in the record to suggest that he was under the influence of the substance or, for any other reason, incompetent when he testified. The matters sought to be explored by counsel related to the witness' credibility, rather than to his competence; hence the trial court did not err in denying him the requested hearing.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result with opinion.

DeBRULER, Justice, concurring in result.

Based upon the evidence, it was proper for the court to refuse to instruct the jury that attempted voluntary manslaughter was a lesser and included offense of attempted murder. Evidence sufficient on appeal to support a jury finding of the culpability for murder is sufficient on appeal to support a jury finding of the culpability for manslaughter. *McDonald v. State,* (1976) 264 Ind. 477, 346 N.E.2d 569; *Anthony v. State,* (1980) Ind., 409 N.E.2d 632. But evidence sufficient to support a jury finding of the culpability for murder is not enough on appeal to demonstrate that the trial court committed error in refusing to instruct on manslaughter as a lesser and included offense of murder. The test to be applied when the claim is made on appeal that the trial court committed error in refusing to instruct on manslaughter as a lesser included offense of murder, is: Was the evidence such that it, by reason of proof

of sudden heat, could create a reasonable doubt in the mind of the trier of fact of the presence of the culpability for murder. *Williams v. State,* (1980) Ind., 402 N.E.2d 954. If it was, the error is established. In the case before us the evidence presented does not meet this test, and therefore the error is not shown.

PRENTICE, J., concurs.