Michael L. BEASLEY, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 282S49.

Supreme Court of Indiana.

March 18, 1983.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1979) and sentenced to fifty (50) years imprisonment. This direct appeal presents the following issues:

(1) Whether there is evidence from which the jury could have found that Defendant took the victim's eyeglasses as charged in the information.

(2) Whether the trial court erred in refusing Defendant's tendered instructions upon lesser included offenses in light of the State's evidence and his alibi defense.

(3) Whether the trial court's failure to give an adequate statement of aggravating circumstances in support of the enhanced sentence is fundamental error.

\*       \*       \*

## ISSUE I

The charge in pertinent part reads as follows:

" \* \* \* did knowingly while armed with a deadly weapon, to wit: A HANDGUN, take from the person or presence of (the victim) property, to-wit: A PAIR OF EYEGLASSES by putting (the victim) in fear \* \* \*."

Defendant contends that there was no evidence whatever that he took the victim's eyeglasses or intended to take them, as charged in the information. In making this argument, however, Defendant ignores the inferences that can be reasonably drawn from the circumstances in evidence and which support the verdict.

The evidence most favorable to the State reveals that Defendant and another assaulted the victim and his friend who were approaching a tavern in Indianapolis. After one of the assailants had fired a pistol and the friend had escaped to the shelter of the tavern, a struggle ensued between the victim and the assailants over possession of the victim's billfold located in his right hip pocket. When the victim's friend returned with help, the assailants fled down an alley, identified by a police officer as "10th Street." The victim, bleeding profusely from a cut to his head which he had sustained in the melee, sought aid in the tavern. He checked to see if anything was missing and discovered that, although he had his billfold, his eyeglasses and case were missing from his shirt pocket. A search of the area around the scene of the attack produced neither the glasses nor the case:

"A.   \* \* \* So one of the gentlemen that were with me there aiding me, he said, 'Which way did they run?' I said 'Well, they ran down the alley' and he says, 'What did they get?' I said, 'It's my glass class (sic)' So he said, 'Well, I'll go over there and look _ _ _.'" R. at 190.

The glasses and case were found at a point along the route by which the assailants had escaped and fifteen to twenty feet from the scene of the struggle. The victim testified that he had not given his eyeglasses to anyone.

Defendant argues that the evidence reveals an intent on the part of the assailants to take the victim's billfold but not his eyeglasses and that it does not disclose that

the eyeglasses were ever in the possession of the assailants. The information charged only a "knowing" state of mind, Ind.Code § 35–41–2–2(b) (Burns 1979), and the jury could have found from the evidence that one or the other of the assailants, the Defendant having been identified as an assailant, took the eyeglasses from the victim and, upon discovering what he had taken, discarded them while in flight. The evidence, though circumstantial, was adequate to permit a reasonable man to draw that inference beyond a reasonable doubt, hence it was sufficient to sustain the conviction. *Hilligoss v. State,* (1970) 253 Ind. 443, 447, 255 N.E.2d 101, 104. *See Mitchell v. State,* (1977) 172 Ind.App. 294, 297, 360 N.E.2d 221, 223. *See also Jackson v. State,* (1973) 260 Ind. 61, 64, 291 N.E.2d 892, 893.

### ISSUE II

Defendant next assigns error to the trial court's refusal to give three of his tendered instructions, which instructions treated the subject of lesser included offenses.

Defendant's tendered instruction No. 1 contained the following (in part):

"The following may be included under the crime(s) charged:

Attempted Robbery, Theft, Attempted Theft, Attempted Battery, Battery, and Criminal Conversion.

The definitions and material elements of all crime(s) charged and included will be stated in other instructions."

Defendant reasons that the jury could have inferred that the victim's eyeglasses fell out of his pocket during the struggle, inasmuch as there was only circumstantial evidence that either of the assailants had taken them. We acknowledge that the jury could have drawn such inference and that, if it had done so, the defendant would have been entitled to an acquittal upon the charge of Robbery. We also acknowledge that the defendant, upon proper application, would have been entitled to an instruction upon lesser included offenses, but not to the one tendered.

■ Defendant argues that whenever there is more in question than the identity

of the culprit, the accused is entitled to an instruction under which the jury could find him guilty of any of the offenses theoretically included under the statute and the charging instrument, but this is incorrect. To be entitled to an instruction that a particular lesser offense is included in the offense charged, it is not enough that such lesser offense be inherently included in the greater one, as defined by statute or necessarily included in the greater one as charged. Such instruction must also be applicable under the evidence adduced at trial. *Hash v. State,* (1972) 258 Ind. 692, 284 N.E.2d 770. *See Hester v. State,* (1974) 262 Ind. 284, 315 N.E.2d 351.

In *Hash,* we observed that the jury would have been justified in finding for either the accused or the State, under the evidence, but that it could not discard the evidence and speculate upon a factual situation upon which there was no evidence and, by that process, arrive at a guilty verdict upon a theoretically lesser included offense. Hence, it would have been improper to give an instruction inviting such a verdict.

■ In the case before us, there was room for a difference of opinion upon the issue of whether or not one of the assailants had taken the victim's eyeglasses, as well as upon the issue of the identity of the assailants. Arguably, the jury might even have disbelieved the evidence that the alleged victim had even been assaulted. However, the only theory under which it could be found that a robbery had occurred was that it had been committed by a person or persons who had assaulted and battered the victim. The control over the eyeglasses which was requisite to a theft or conversion could be found only by inference derived from the assault and battery. It follows that if there was a theft or conversion committed, such offense was also a robbery. Defendant, therefore, was not entitled to have the instruction given as tendered.

■ Although the tendered instruction was partially applicable to the case, it was not entirely so, and it was not the responsibility of the trial court to revise it so as to

render it applicable in its entirety. Unless it is the duty of the trial court to submit an instruction as tendered, it commits no error by refusing to give it. *Mullins v. Bunch,* (1981) Ind., 425 N.E.2d 164, 166 and cases there cited. *McCormick v. State,* (1982) Ind., 437 N.E.2d 993, 997, *Jones v. State,* (1983) Ind., 445 N.E.2d 92.

Defendant also tendered its instructions Nos. 3 and 4, both of which the trial court properly refused to give. By No. 3, the jury was given the statutory definition of the crime of Battery in its various classes and advised of the circumstances under which it should find the defendant "not guilty" and the circumstances under which it should find him "guilty" of a particular class of such crime. Instruction No. 4 embodied the statutory offense of Theft and advised of the circumstances under which it should find the defendant "not guilty" and the circumstances under which it should find him "guilty" of that offense.

Inasmuch as the court properly refused to give Defendant's tendered instruction No. 1, which purported to list the included offenses, it is doubtful that any instruction in furtherance of its purpose would have been proper, as it appears that to give an instruction on any offense other than the one charged, even if it were included therein, without also informing the jury that it was so included, could only serve to confuse it. However, it is not necessary for us to decide that question.

■ Tendered instruction No. 4 was definitive of Theft, which we have hereinbefore determined was not an included offense under the evidence, and tendered instruction No. 3 on Battery did not correctly state the law. Such instruction included the following clearly erroneous statement:

"If the State failed to prove each of the elements beyond a reasonable doubt, then you should find the defendant *guilty* of Battery, a Class B Misdemeanor."

Obviously if Battery was an included offense and the State failed to prove one of its elements, the defendant should not have been found guilty of such crime in any class.

## ISSUE III

■ The trial court enhanced the thirty (30) year presumptive sentence for class A felony by twenty (20) years and stated on the record its reason for such enhancement as follows:

"Court finds aggravating circumstances due to defendant's lengthy criminal record." R. at 157.

Defendant correctly notes that under numerous cases from this Court, this is not an adequate statement of aggravating circumstances justifying the enhancement of the sentence. He admits, however, that this error was not raised by the Motion to Correct Error, but claims that it is fundamental error. The record, however, contains the pre-sentence investigation report, and it recites Defendant's lengthy criminal history which includes prior convictions for Entering to Commit a Felony and First Degree Burglary. Given the opportunity, by advisement in the Motion to Correct Errors, the trial court could easily have provided a statement evidencing that the enhancement of the sentence was justifiable. The record affirmatively discloses that the sentence is not manifestly unreasonable in light of Defendant's criminal record. The error is, therefore, not fundamental. Rather, it appears that defense counsel merely abandoned a potential but meritless assignment of error.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.