Otis W. BROWN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1082S406.

Supreme Court of Indiana.

Sept. 19, 1983.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, after trial by jury, of Armed Robbery and sentenced to twelve (12) years imprisonment. This direct appeal presents two (2) issues for review:

1) Whether the evidence was sufficient to sustain the verdict.

2) Whether the trial judge erred in failing to specify the reasons for enhancing Defendant's sentence.

On the night of May 12, 1980, fifteen year-old Larry Boyd was riding his bicycle west on Fifty-Second (52nd) Street in Indianapolis. An automobile was driven from behind him and forced his bicycle into the curb. Two men exited the car and demanded Boyd's money. One man held a knife and stood in front of Boyd, while the other man circled around and stood in back of him. Boyd gave the men his money, approximately thirty dollars ($30), and after they had left continued to his home where he called the police.

Two days later, while observing the proceedings in Marion County Municipal Court, Boyd recognized this Defendant as the man who had held the knife and taken his money, and so identified him at trial.

## ISSUE I

Defendant challenges the sufficiency of the evidence to sustain a verdict of guilty.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. (citations omitted).

The only incriminating evidence in this case was the testimony of the victim, Larry Boyd. Defendant argues that Boyd's testimony was inherently unbelievable by reason of his young age and speculates that he may have fabricated the entire story in order to avoid punishment by his parents for having spent the money.

The credibility of witnesses is a determination to be made by the trier of fact, not by this court. *Bentley v. State,* (1981) Ind., 414 N.E.2d 573, 574. While we have on occasion determined that the evidence was insufficient because the only incriminating evidence was inherently unbelievable; *Forrester v. State,* (1982) Ind., 440 N.E.2d 475, 485–86; *Bentley v. State,* (1981) Ind., 414 N.E.2d 573, 574, there is nothing in the record of this case to warrant such a conclusion. The jury was aware of Boyd's age, and there is nothing in the record to support Defendant's speculation that his testimony was fabricated.

There is no merit to Defendant's contention that Boyd's testimony was inherently unbelievable; hence it cannot be said that the evidence was insufficient to sustain the verdict.

## ISSUE II

Defendant argues that the trial court erred in that it failed to specify its reasons for enhancing the presumptive ten

(10) year sentence by two (2) years, and in ordering that the sentence run consecutive to the sentence imposed under another charge. During the sentencing hearing the court stated its reasons for such enhancement as follows:

"The record will show—for the reason of the presumptive sentence is exceeded in this instance—the reason obviously, are the ones (sic) previously stated by the prosecutor. He has a past criminal history and for that reason the Court will impose the sentence as previously indicated."

While Defendant correctly notes that under previous holdings by this Court, this is not a sufficient statement of the aggravating circumstances justifying the enhancement of a sentence; *Page v. State,* (1981) Ind., 424 N.E.2d 1021, 1023, he failed to present this issue in his motion to correct errors. The record contains Defendant's pre-sentence report, which recites his lengthy criminal record, including first degree burglary, Battery, and Robbery as a juvenile, and two (2) Robberies as an adult. Moreover, the Prosecutor's comments to which the trial court referred in its statement were as follows:

"The State would point out that before the Court is a person who is 20 years of age who now stands convicted of his third robbery, his third felony and his robbery conviction. All three of those matters involved the use of a weapon. It is only a matter of time before somebody gets hurt. His prior juvenile record indicates a proclivity for violence and this Court— we would ask that you impose a sentence that certainly is not one of rehabilitation but one to keep Mr. Brown off the streets of Indianapolis."

The record affirmatively discloses that the sentence was not manifestly unreasonable in light of Defendant's past criminal history. Had Defendant presented this issue in his motion to correct errors, the trial court could easily have provided a proper statement evidencing that the enhancement of the sentence was justifiable. The error,

therefore, is not fundamental. *Beasley v. State,* (1982) Ind., 445 N.E.2d 1372, 1375.

 Where the defendant fails to challenge the validity of an enhanced sentence or consecutive sentences in his motion to correct errors, and the record reflects circumstances justifying such sentencing, we will not attribute such failure to oversight or ignorance; and, although the court's statement of reasons may be deficient, we will, under such circumstances, conclude that the deficiency did no harm and that the failure to assign error thereto was an intentional abandonment of a meritless issue. *Beasley,* 445 N.E.2d at 1375.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.