**Clyde T. CARMAN, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 483S140.**

Supreme Court of Indiana.

Feb. 7, 1985.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Clyde T. Carman was found guilty by a jury of robbery while armed with a deadly weapon, a class B felony, Ind.Code § 35–42–5–1, in December 1978 and was sentenced by the trial judge to a twenty-year term of imprisonment. On direct appeal to this Court, that conviction was affirmed in November 1979. *Carman v. State* (1979), 272 Ind. 76, 396 N.E.2d 344 (DeBruler, J. concurring in result). In July 1982, Carman filed a petition for post-conviction relief which was denied in November 1982 following a hearing. He now appeals from the denial of his petition contending that the sentence imposed on him was erroneous.

A sentencing hearing was held in December 1978. After hearing testimony from the sixty-nine year old victim of the robbery and reviewing the pre-sentence investigation report, the trial judge stated:

"[T]he Court would find aggravating circumstances in this matter, under all those situations set out by statute and no mitigating circumstances with the possible exception for your likelihood to respond affirmatively to short-term imprisonment. The Court would add to the presumptive sentence of ten years ten more years for a total sentence of twenty years."

Carman contends that this statement of reasons was not sufficient to satisfy the statutory mandates of Ind.Code §§ 35–4.1–4–3 (Burns § 35–50–1A–3, repealed; for present provision see Ind.Code § 35–38–1–3) and 35–4.1–4–7 (Burns § 35–50–1A–7, repealed; for present provision see Ind.Code § 35–38–1–7). These statutes have been held to require the entry of a detailed statement of the reasons for imposing an enhanced sentence, *see, e.g., Page v. State* (1981), Ind., 424 N.E.2d 1021; *Gardner v. State* (1979), 270 Ind. 627, 388 N.E.2d 513, and to contemplate more than the bare assertion of the existence of aggravating circumstances. *Page, supra.* The State concedes that the trial court's statement here was inadequate, but claims that this issue was waived by the petitioner because he failed to raise it in his direct appeal. Carman responds that the lack of a sufficient statement of reasons renders his sentence erroneous and that this error is fundamental and may be considered for the first time in a petition for post-conviction

relief. *See, Snider v. State* (1984), Ind., 468 N.E.2d 1037. The post-conviction judge found that the alleged error was not fundamental and the issue was waived.

■ Petitioner cites *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822 and *Huff v. State* (1983), Ind.App., 443 N.E.2d 1234, *inter alia,* as support for his argument that the error committed here was fundamental. Those cases, which found certain sentencing errors fundamental, however, concerned sentences which were imposed outside the statutory authority of the trial judge. In *Kleinrichert* the defendant received a sentence of imprisonment and a fine upon his conviction for pandering. The statute proscribing that crime, however, provided that the punishment for pandering was *either* a fine or imprisonment. Thus, this Court held that "the judgment of sentence is clearly invalid." In the instant case, on the other hand, the sentence was imposed consistently with the statutory discretion vested in the trial judge. The statute providing the penalty for a class B felony permits a sentence of twenty years, the sentence imposed here. Ind.Code § 35–50–2–5.

Carman also cites *Page v. State* (1980), 274 Ind. 264, 410 N.E.2d 1304, *on remand,* (1981), Ind., 424 N.E.2d 1021, on *remand,* (1982), Ind., 442 N.E.2d 977, where this Court considered an issue concerning a statement of reasons for an enhanced sentence *sua sponte.* This case differs from *Page* since in that case there was *no* statement of reasons for imposing an enhanced sentence provided and no indication of whether the sentencing judge had complied with the statutory mandates, while here there was evidence that the sentencing judge had engaged in the balancing process required, although he had not sufficiently articulated the information he considered. Furthermore, the fact that we have previously considered this issue on our own motion does not mean that the error specified here is a fundamental one. We may reach an issue *sua sponte* for reasons other than a belief that the error is of a fundamental nature.

In *Beasley v. State* (1983), Ind., 445 N.E.2d 1372, we considered the issue presented here in a case where an enhanced sentence was imposed without a sufficient statement of justification. In his direct appeal, Beasley conceded that the error was not raised by his motion to correct errors, but contended that the error was fundamental. We said there:

"The record, however, contains the presentence investigation report, and it recites Defendant's lengthy criminal history .... Given the opportunity, by advisement in the Motion to Correct Errors, the trial court could easily have provided a statement evidencing that the enhancement of the sentence was justifiable. The record affirmatively discloses that the sentence is not manifestly unreasonable in light of Defendant's criminal record. The error is, therefore, not fundamental. Rather, it appears that defense counsel merely abandoned a potential but meritless assignment of error."

Id. at 1375. *See also, Perry v. State* (1983), Ind., 447 N.E.2d 599; *Ramirez v. State* (1983), Ind.App., 455 N.E.2d 609, *trans. denied,* (1984).

■ In this case, the testimony at the sentencing hearing and the information contained in the pre-sentence investigation report revealed that the victim of this armed robbery was sixty-nine years of age and in poor health. Carman had an extensive history of juvenile offenses and was on probation for another offense when he committed the instant crime. Thus, it can be determined that the sentence imposed was not manifestly unreasonable and any error committed by the trial judge by failing to recite the reasons for imposing an enhanced sentence was not fundamental and was waived by petitioner's failure to raise the issue in his direct appeal. *Beasley, supra.*

■ The burden in a post-conviction hearing is on the petitioner to establish grounds for relief by a preponderance of the evidence. Ind.R.P. C. 1, § 5. On appeal from an adverse judgment, the petitioner must convince this Court that "the

evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State* (1980), 273 Ind. 694, 695–96, 408 N.E.2d 1215, 1215–16. Carman has not shown that the conclusion of the post-conviction judge that any error committed by the sentencing judge was not fundamental was contrary to the law or the evidence.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.