**Sam MITCHELL, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 285S56.**

Supreme Court of Indiana.

Oct. 25, 1985.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In a trial by jury appellant was convicted of Robbery, a Class A felony, and sentenced to twenty (20) years imprisonment.

The facts are: On the evening of January 4, 1983, John Word and his girlfriend, Geraldine Gates, drove to Pope's Liquor Store in Gary, Indiana. Word parked the car in front of the liquor store and entered the store to make a purchase while Gates remained in the car. When Word entered the store, four men were present. Word recognized one of them as Jimmy Davis, the brother of Earl Davis. He also noticed a person he later identified as the appellant.

When Word left the store, three men, including appellant and Jimmy Davis, were outside the store. As Word prepared to enter his car, Jimmy Davis approached and asked him for change. Upon being informed Word had no change, Davis pointed a pistol at Word's head, told him to tell Gates to get out of the car and announced a stick up. When Word said nothing to Gates, Davis shot out the window on the driver's side of Word's car. Gates left the car and ran into the liquor store.

Davis took Word to the side of the liquor store where appellant and a third individual were waiting. Davis told Word to give him all his money and hit Word on the head with the pistol. Word took all of the money out of his pocket. Davis then struck Word two additional times with the pistol.

Appellant, who was standing nearby, told Word to take out his wallet. Word complied and handed his wallet to appellant. Appellant then hit Word with his fist.

Word was told to start running. As he ran away from the individuals, he heard a gunshot.

In the meantime police had been summoned and Word eventually returned to the liquor store where he gave a description of appellant. While he was talking to the police, Earl Davis, the brother of Jimmy Davis, entered the liquor store. Word advised the police of the relationship. Earl Davis was questioned, following which the officers took Word to an address in the Dori Miller Projects in Gary where appellant was arrested and identified by Word as one of the robbers. Other persons present at the time of the arrest attempted to tell the police officers that appellant had been with them all evening and could not have been involved in the robbery.

■ Appellant claims insufficient evidence to support the verdict of the jury. His contention is that the State's witnesses were so contradictory as to require a conclusion that they were inherently unreliable and that their evidence was insufficient to sustain the jury's verdict. This Court neither reweighs the evidence nor judges the credibility of the witnesses. *Smith v. State* (1981), 275 Ind. 642, 419 N.E.2d 743.

As in most cases of this sort, during a fast-moving and highly emotional situation, the testimony of witnesses tends to vary in detail. Word testified that Davis shot out the driver's side window of his car, whereas Gates thought the windshield was shot out. They also seem to be at variance as to whether Word returned to the liquor store before or after the police arrived. There was no contradiction between the witnesses as to the general facts surrounding the episode nor any conflict as to the identity of the participants.

Appellant also raises the question as to what he deems to be conflicting testimony between investigating officers. These discrepancies were minimal, such as whether appellant was sitting on a porch railing when the officers arrived or whether he was walking toward the front door of the

house. All of the so-called discrepancies, of which appellant now complains, were presented to the jury. It was their prerogative to weigh these conflicts and to come to a conclusion as to whether or not appellant was guilty of the crime charged beyond a reasonable doubt. *Manns v. State* (1985), Ind., 472 N.E.2d 918. We see nothing in the testimony in this case so confusing as to be inherently unreliable and insufficient to sustain the jury's verdict. *Brown v. State* (1983), Ind., 453 N.E.2d 232.

 Appellant claims the trial court erred when it refused to allow him to testify that he was employed on a full-time basis or to testify as to his hourly pay. It is his claim that had he been allowed to so testify it would demonstrate to the jury that he had no motive to perpetrate a robbery because of his earnings. Motive is not an element in the offense of robbery. *Boyd v. State* (1981), Ind., 425 N.E.2d 85.

The trial judge allowed appellant to testify as to where he worked, the length of his work week, the length of his employment and the fact that he was an hourly employee. It was only the amount of his hourly wage which the judge excluded on the objection of the State that it was irrelevant. To support his position, appellant cites *Slater v. State* (1947), 224 Ind. 627, 70 N.E.2d 425. In *Slater*, Judge Starr observed "[w]here reliance is placed entirely upon circumstantial evidence to establish a crime and it establishes a strong lack of motive, its absence is a powerful circumstance tending to clear the accused from blame." *Id.* at 637, 70 N.E.2d at 429. In the case at bar, the State's case certainly was not based upon circumstantial evidence. In view of the evidence of this case and the nature of the crime perpetrated, we hold it was not error to exclude appellant's hourly wage.

The trial court is in all things affirmed.

All Justices concur.