Mark PEARSON, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 83A01–8905–PC–179.

Court of Appeals of Indiana, First District.

Sept. 28, 1989.

Susan K. Carpenter, Public Defender and Hilary Reeve, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen. and Jane A. Morrison, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

## STATEMENT OF THE CASE

BAKER, Judge.

Petitioner-appellant, Mark Pearson (Pearson), appeals the denial of his petition for post-conviction relief.

We affirm in part, reverse in part, and remand with instructions.

## STATEMENT OF THE FACTS

On December 18, 1980, Pearson was convicted by a jury of rape, a Class A felony, burglary, a Class A felony, and battery, a Class C felony. He was sentenced to consecutive 30–year prison terms on each of the Class A felonies, and to a concurrent term of five years on the Class C felony. His conviction was affirmed on direct appeal to the supreme court. *Pearson v. State* (1982), Ind., 441 N.E.2d 468. Pearson subsequently filed a pro se petition for post-conviction relief which culminated in a hearing and judgment denying relief. Pearson appeals this adverse ruling.

## ISSUES

Pearson raises the following issues for our review:

I. Whether the post-conviction court erred in determining Pearson received effective assistance of counsel.

II. Whether the trial court erred in sentencing Pearson to consecutive terms of imprisonment.

## DISCUSSION AND DECISION

ISSUE I.

Pearson argues he was denied the effective assistance of counsel. The standard for judging the adequacy of counsel's performance is that of reasonably effective assistance. In order to prevail on his claim, Pearson must prove by a preponderance of the evidence that counsel's performance was deficient and that his defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. Judicial scrutiny of counsel's performance is highly deferential. This examination is not administered by second guessing counsel's actions after learning that they may not have been appropriate. There is a strong presumption that counsel's assistance fell within prevailing professional norms, and an appellant is required to present strong and convincing evidence to rebut that presumption. *Id.*

Pearson claims his trial counsel was ineffective in submitting at trial defendant's Exhibit J, a five-page police report regarding the incident in question. The exhibit was offered to rebut a witness's testimony that Pearson had a bite mark on his leg when he was arrested. Page 5 of the report also contained a reference to the fact that Pearson had refused to take a polygraph examination. The jury did not view the exhibit at the time it was admitted. However, when the jury, during deliberations, requested to see another exhibit showing alleged bite marks on Pearson's leg, the trial court ordered that all exhibits be sent into the jury room, including defendant's Exhibit J. Pearson claims counsel was ineffective in submitting the exhibit without first deleting the statement indicating that he declined to take a polygraph examination.

██ Pearson correctly notes that absent waiver or stipulation, the results of a polygraph examination, or evidence that the defendant offered or refused to take one, are inadmissible in a criminal proceeding. *Conn v. State* (1989), Ind., 535 N.E.2d 1176; *Reese v. State* (1983), Ind., 452 N.E.2d 936. We disagree, however, that counsel rendered ineffective assistance in this regard.

██ The facts in the case at bar are remarkably similar to those in *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. In *Grigsby*, the prosecutor asked a police officer whether the petitioner had taken a polygraph examination; the officer indicated that the petitioner had not. On appeal, our supreme court held that although the question may have been improper, failure to object to such did not constitute ineffective assistance of counsel. The supreme court stated that the petitioner's defense was not harmed where the witness merely responded to the question in the negative without elaborating further. Likewise, in the case at bar, we fail to see how Pearson's defense was harmed. There was but a single reference to the allegedly improper material without further emphasis or elaboration. More importantly, the statement was not elicited at trial, but was contained on page 5 of a five-page police report sent to the jury room along with the remainder of the exhibits admitted at trial. We find *Grigsby* controlling and hold that counsel's failure to redact the statement from the police report did not amount to ineffective assistance of counsel.

## ISSUE II.

Pearson also contends that the trial court's sentencing statement was inadequate to support his sentence to consecutive terms.

██ A trial court has wide discretion in determining whether imprisonment for multiple offenses should be served consecutively. *See* IND.CODE 35–50–1–2. If the trial court imposes consecutive sentences, however, IND.CODE 35–38–1–3 requires the trial court to include a statement indicating the reasons for selecting the sen-

tence it renders. *Spinks v. State* (1982), Ind., 437 N.E.2d 963; *Page v. State* (1981), Ind., 424 N.E.2d 1021. The statement of reasons must contain three elements: (1) identification of all significant mitigating and aggravating circumstances found; (2) specific facts and reasons which lead the court to find the existence of each circumstance; and (3) articulation demonstrating that the mitigating and aggravating circumstances have been balanced in determining the sentence. *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274; *Hammons v. State* (1986), Ind., 493 N.E.2d 1250.

Here, the trial court failed to make any statement whatsoever when rendering Pearson's sentence. The State had urged aggravating factors and the defense argued mitigating circumstances, but the court referred to neither in imposing the consecutive sentences. Clearly, therefore, no sufficient basis for imposing consecutive sentences was shown.

██ The State contends, however, that Pearson waived this error for the reason that he did not raise it in his initial motion to correct error. The State claims further that such does not fall into the category of fundamental error preventing waiver because the record reveals the existence of aggravating circumstances. In support of its argument, the State cites *Beasley v. State* (1983), Ind., 445 N.E.2d 1372; *see also Carman v. State* (1985), Ind., 473 N.E.2d 618; *Brown v. State* (1983), Ind. 453 N.E.2d 232.

In *Beasley*, the trial court generally referred to the defendant's lengthy criminal record without stating any particulars as supporting the imposition of an enhanced sentence. On appeal, our supreme court stated that this was not an adequate statement of aggravating circumstances justifying sentence enhancement. The supreme court further observed, however, that the defendant had failed to raise the error in his motion to correct error. The supreme court noted that the record contained the pre-sentence investigation report which recited the defendant's lengthy criminal history, and stated that given the opportunity,

the trial court easily could have provided a sufficient statement supporting sentence enhancement. It held, therefore, that because the record affirmatively disclosed the defendant's criminal record, the trial court's failure to refer to such with particularity did not amount to fundamental error.

This case differs significantly from *Beasley*, however. Here, the trial court's deficiency was not its reference to sufficient aggravating circumstances in general terms, as in *Beasley*, but, in fact, was its failure to state any aggravating circumstances whatsoever. Under these circumstances, we cannot uphold the enhancement of Pearson's sentence because the record reveals factors which the trial court may have, but did not, cite as reasons for imposing consecutive sentences. Generally, the appropriate remedy for such an error is to remand to the trial court with instructions to either enter specific and individualized findings which will support the consecutive sentences, or, in the alternative, to resentence Pearson to concurrent sentences. *Hill v. State* (1986), Ind., 499 N.E.2d 1103; *Hansford v. State* (1986), Ind., 490 N.E.2d 1083.

Succinctly, where the trial court fails to give any statement of reasons for imposing consecutive sentences the cause is remanded for correction of the deficiency. However, where a statement of reasons is given but lacks the required specificity, we are permitted to review the record to determine if there exists, in fact, an adequate basis for imposing consecutive sentences. *Adkins v. State* (1989), Ind., 532 N.E.2d 6; *Beasley, supra.*

As indicated above, remand to the trial court would be appropriate. Both parties point out, however, that the original sentencing judge in this cause is deceased. Such being the case, the cause must be remanded to the trial court with instructions to grant Pearson a new sentencing hearing and either enter sufficient findings to support the sentence imposed or order the sentence served concurrently. *See Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316.

Accordingly, this cause is affirmed in part, reversed in part, and remanded to the trial court with instructions to conduct a new sentencing hearing.

RATLIFF, C.J., and SHIELDS, P.J. concur.