# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 09 2015, 9:32 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| John Chupp, *Pro Se* | Gregory F. Zoeller |
| Pendleton, Indiana | Attorney General of Indiana |
| | James B. Martin |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Chupp, | March 9, 2015 |
| *Appellant-Defendant,* | Court of Appeals Cause No. 49A02-1408-CR-579 |
| v. | Appeal from the Marion Superior Court; The Honorable Sheila A. Carsile, Judge; The Honorable Stanley E. Kroh, Magistrate; CR 82-81 A |
| State of Indiana, | |
| *Appellee-Plaintiff.* | |

**May, Judge.**

John Chupp appeals the denial of his Motion to Correct Erroneous Sentence. As the trial court did not abuse its discretion, we affirm.

Affirmed.

## Facts and Procedural History

In 1982, Chupp and two accomplices broke into a woman's home in Southport, robbed her, tied her up, and sexually assaulted her. A jury found Chupp guilty of Class A felony burglary, Class A felony robbery, and Class B felony criminal confinement. The trial court sentenced him to concurrent sentences of fifty years for each Class A felony conviction, and to twenty years for the Class B felony to run consecutively to the fifty-year sentences, for an aggregate sentence of seventy years. Our Indiana Supreme Court affirmed Chupp's convictions and sentence. *Chupp v. State*, 509 N.E.2d 835 (Ind. 1987).

We provided further procedural history in our opinion affirming the denial of Chupp's first Motion to Correct Erroneous Sentence:

> On two separate occasions, Chupp filed a petition for post-conviction relief, each of which was withdrawn without prejudice. On April 24, 2007, Chupp filed a third petition for post-conviction relief, asserting newly discovered evidence and claiming that his sentence was erroneous because the robbery and burglary convictions were enhanced based on the same injuries. The post-conviction court denied his petition. On appeal, we denied most of Chupp's claims but concluded that the elevation of both the burglary and robbery count to Class A felonies was based on the same injuries and thus violated the principles of double jeopardy. *See Chupp v. State*, 933 N.E.2d 586,*5 (Ind. Ct. App. 2010) (unpublished opinion). We vacated Chupp's conviction for robbery as a Class A felony and directed the post-conviction court to enter judgment on the robbery conviction as a

Class C felony and to resentence him accordingly. *See id.* at *10. On January 20, 2011, the trial court modified Chupp's Class A felony robbery conviction to a Class C felony, vacated the fifty year sentence and imposed an eight year sentence to run concurrent to the fifty year sentence of the Class A felony burglary conviction, and consecutive to the twenty year sentence for the Class B felony criminal confinement, for an aggregate sentence of seventy years.

On June 13, 2012, Chupp filed a motion to correct erroneous sentence, alleging that his conviction for both robbery, a Class C felony, and criminal confinement, a Class B felony, violated the double jeopardy doctrine. The trial court denied Chupp's motion on the same day.

*Chupp v. State*, 49A05-1206-CR-328, *slip op* at 1-2 (Ind. Ct. App. December 20, 2012), *trans. denied*. We affirmed the denial of Chupp's Motion to Correct Erroneous Sentence.

On August 13, 2014, Chupp filed a second Motion to Correct Erroneous Sentence, which is the subject of the instant appeal. The trial court denied his motion the same day.

## Discussion and Decision[1]

[A] motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence.

*Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Claims that require consideration of the proceedings are best addressed on direct appeal or as part

---

[1] We note Chupp appears *pro se*. *Pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

of a petition for post-conviction relief if applicable. *Id*. When reviewing a decision on a Motion to Correct Erroneous Sentence, we "defer to the trial court's factual findings and review such decision for an abuse of discretion." *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. The trial court's legal conclusions are reviewed *de novo*. *Id*.

[6] Chupp argues the court violated statutory law when ordering his sentences be served consecutively, and the statute he cites is Ind. Code § 35-50-1-2(b). At the time Chupp committed his crime, that statute provided:

> If, after being arrested for one (1) crime, a person commits another crime:
>
> (1) Before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) While the person is released:
>
>> (A) Upon the person's own recognizance; or
>>
>> (B) On bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

[7] Chupp asserts that statute "called for concurrent sentences for any defendant not On [sic] parole or probation or out on bond," (Br. of Appellant at 5), and because he was not on parole, probation, or bond when he committed his crime, his Class B felony sentence could not be ordered served consecutive to his two concurrent Class A felony sentences. The parties do not dispute that Chupp was not on parole, probation, or out on bond when he was sentenced.

[8] However, the version of Ind. Code § 35-50-1-2(a) in effect at the time of Chupp's crime stated: "Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively." Pursuant to that subsection of the statute, trial courts had discretion to order consecutive sentences for those whose sentences were not required to be consecutive pursuant to subsection (b). *Pearson v. State*, 543 N.E.2d 1141, 1144 (Ind. Ct. App. 1989). As Chupp was not on parole, probation, or out on bond, subsection (a) gave the court discretion to order consecutive sentences. *See id*.

[9] Neither we nor the trial court could review, pursuant to a Motion to Correct Erroneous Sentence, whether the trial court had abused its discretion by imposing consecutive sentences, as review of such issue would require looking outside the face of the judgment to the facts and circumstances underlying the court's sentencing decision. *See Robinson*, 805 N.E.2d at 787 (appellate court can only consider errors on the face of the sentence when reviewing a Motion to Correct Erroneous Sentence).

[10] As Chupp's argument regarding the court's authority to order consecutive sentences fails, the trial court did not abuse its discretion when it denied Chupp's Motion to Correct Erroneous Sentence. Accordingly, we affirm.

[11] Affirmed.

Barnes, J., and Pyle, J., concur.