Fred L. BROOKS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8703–CR–126.

Court of Appeals of Indiana, Second District.

Aug. 10, 1988.

Danny Vaughn, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Fred L. Brooks (Brooks) appeals his conviction for possession of cocaine, a class D felony,[1] and possession of marijuana, a class A misdemeanor.[2] Brooks argues that 1) the evidence on which his conviction was based was seized during the execution of a search warrant issued without probable cause and thus should not have been admitted, and 2) there was insufficient evidence to prove possession, either actual or constructive.

We affirm.

### FACTS

On June 27, 1985, Indiana State Police Detective Michael Morris (Detective Morris) executed a search warrant issued upon the basis of his affidavit of probable cause. Brooks was alone in the premises to be searched when Detective Morris arrived. Detective Morris found in the master bedroom several items of contraband and drug paraphernalia, all of which Brooks later claimed to be his. Morris also observed a passport in Brooks's name in a dresser, and men's clothing in a chest of drawers. Brooks retrieved a pair of socks from the chest and his shoes from the master bedroom floor, as he prepared to leave the premises in Detective Morris's custody.

### I

Detective Morris's affidavit stated in relevant part:

"I learned ... that: Sherry Hargraves ... and her boyfriend Freddie (no further information known on Freddie) both residing at 9227 Sussex Terrace Apt. 820 Nottingham Village Apts, in Indianapolis Indiana possess a substantial amount of marijuana.... Hancock Co. Sheriff Deputy, Richard Kinnamen was at the residence of Mr. Jackie L. Sexton in McCordsville, Indiana in reference to Mr.

---

1. I.C. 35–48–4–6 (Burns Code Ed.Supp.1988).

2. I.C. 35–48–4–11 (Burns Code Ed.Repl.1985).

Sexton finding his 13 year old daughter Kimberly June Sexton in possession of suspected marijuana. Mr. Sexton asked his daughter where she had obtained the suspected marijuana and she stated that she had taken it from a brown grocery bag located in dresser drawer in her mother's bedroom at the above stated address.... Mr. Sexton stated that he told his daughter Kimberly that he was going to turn the suspected marijuana over to the police. Kimberly Sexton then became upset and attempted to telephone her mother and advise her that her father had turned the substance over to a police officer. Mr. Sexton would not allow his daughter to make the phone call.... Mr. Sexton told me on the telephone at approximately 04:30 A.M. 7–27–85 all of the aforementioned and that he did not know how long he could keep his daughter from telephoning her mother and advising her of the situation." Record at 52–53.

Brooks asserts not only that this affidavit failed to establish probable cause, but that it was so lacking that Detective Morris could not have executed it in good faith.

■ The determination of the existence of probable cause lies, in the first instance, with the independent, objective magistrate. The good faith exception articulated in *United States v. Leon* (1984) 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, is in essence a recognition of this allocation of discretion and the rationale that underlies it. As the Supreme Court has reasoned:

"If the affidavits submitted by police officers are subjected to the type of scrutiny some courts have deemed appropriate, police might well resort to warrantless searches, with the hope of relying on consent or some other exception to the Warrant Clause that might develop at the time of the search. In addition, the possession of a warrant by officers conducting an arrest or search greatly reduces the perception of unlawful or intrusive police conduct, by assuring 'the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search.'" *Illinois*

*v. Gates* (1983) 462 U.S. 213, 236, 103 S.Ct. 2317, 2331 [76 L.Ed.2d 527], quoting *United States v. Chadwick* (1977) 433 U.S. 1, 9, 97 S.Ct. 2476, 2482 [53 L.Ed.2d 538].

Thus the magistrate is vested with the discretion and the responsibility to assess the probabilities suggested.

For these same reasons, we must proceed with circumspection when reviewing the magistrate's determination.

"Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Massachusetts v. Upton* (1984) 466 U.S. 727, 734, 104 S.Ct. 2085, 2089 [80 L.Ed.2d 721], quoting *United States v. Ventresca* (1965) 380 U.S. 102, 109, 85 S.Ct. 741, 746 [13 L.Ed.2d 684].

With these rules and guides in mind, we consider the affidavit here at issue.

■ Detective Morris's affidavit is clearly based upon "hearsay on hearsay"—the daughter was the source of the crucial information, the father the declarant and Detective Morris the affiant. Though such an affidavit is not inherently inadequate, *Pawloski v. State* (1978) 269 Ind. 350, 380 N.E.2d 1230; *Wells v. State* (1979) 1st Dist. Ind.App., 397 N.E.2d 1250; *see also United States v. Smith* (8th Cir.1972) 462 F.2d 456, it must satisfy the requirements set forth in I.C. 35–33–5–2 (Burns Code Ed.Repl. 1985):

"When based on hearsay, the affidavit must either:

(1) Contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) Contain information that establishes that the totality of the circumstances corroborates the hearsay."

Brooks asserts that Detective Morris's affidavit failed to meet the statutory requirements.

In *In re M.R.D.* (1985) 1st Dist.Ind.App., 482 N.E.2d 306, *trans. denied,* factually similar to the case before us, a search warrant was issued on the basis of an affidavit founded on hearsay—"[A] Mrs. Myers of Wells County, Indiana," informed police that her daughter had been invited to a party at which underaged people would be served alcoholic beverages. *Id.* at 307. The reviewing court ruled that Mrs. Myers's credibility had not been established in compliance with I.C. 35–33–5–2. The affidavit set forth no facts enabling one to determine either Mrs. Myers's identity or her credibility. Further, the court noted that the affidavit did not record any facts from which Mrs. Myers drew her conclusions. *Id.*

In contrast, the affidavit here at issue offers the declarant's as well as the source's full name and address, the declarant's relationship to the source, and the facts upon which the declarant based his conclusion.

■ An affiant need not specify the basis for credibility of a declarant if credibility is demonstrated by the circumstances. *See Wells, supra,* 397 N.E.2d 1250; *see also Pawloski, supra,* 380 N.E.2d 1230. In *Wells, supra,* appellant argued that a bank official's description of the bank robber could not be used to support probable cause for a search warrant because the affidavit included neither a statement that the bank official, a citizen-informant, spoke with personal knowledge, nor a statement that the affiant knew the official to be a credible person. The court wrote: "It is reasonable for an official of a bank branch which has been robbed to be the person who reports the robbery to the police." 397 N.E.2d at 1257. Similarly, it is reasonable for a parent of a minor child found to possess marijuana to be the one to inform the police of the source.

In *Pawloski, supra,* 380 N.E.2d 1230, our Supreme Court indicated that generally victims and witnesses of a crime "are to be considered reliable for the purpose of determining probable cause unless incriminating circumstances exist which cast suspicion upon the informant's reliability." 380

N.E.2d at 1232–33. It then apparently utilized this test as a gauge in determining the credibility of a declarant who was neither victim nor witness but a friend and confidante passing the defendant's private admission on to the police. The court found the declarant's information to constitute probable cause for the defendant's arrest, specifying that no circumstances existed to cast doubt on the declarant's credibility. As in *Pawloski, supra,* the father/declarant here was neither victim nor witness. He was, however, a citizen-informant and a concerned parent. In the absence of questionable circumstances, his credibility is not legally suspect.

We are cognizant of implications of unreliability which could arise from the father's position as an ex-husband incriminating his former spouse and her boyfriend. However, as the Court noted in *Pawloski, supra,* 380 N.E.2d 1230, the sufficiency of the evidence of probable cause must be determined case by case. Though the circumstances here might in some minds trigger a need for further inquiry, we recall the preference to be accorded warrants, *Upton, supra,* 466 U.S. at 727, 104 S.Ct. at 2085, and defer to the judge within whose province it lay to assess the father's credibility.

Brooks next argues that Detective Morris's assertion that Brooks "possessed a substantial amount of marijuana" (Record at 52) was conclusory. First, he reasons, the affidavit did not indicate that the daughter/source had affirmatively "stated she observed a substantial amount of marijuana at her mother's apartment," (Appellant's Brief at 28) or that any remained after the daughter removed her supply. Further, the father/declarant had no personal knowledge, ergo no basis, in the absence of definitive statements by his daughter, for concluding that marijuana could be found. Finally, there existed no other factual basis for Detective Morris's conclusion.

■ A specific allegation, based upon personal knowledge, that contraband is secreted on the premises is unnecessary to the establishment of probable cause justifying issuance of a warrant. Our Supreme

Court, in *Blalock v. State* (1985) Ind., 483 N.E.2d 439, 444,[3] recognized that neither a prima facie showing of criminal conduct nor "a demonstration that contraband will be found on the premises to be searched" is required. All that need be demonstrated is a probability of criminal conduct, as determined from facts presented in the affidavit "and the rational and reasonable inferences drawn therefrom." *Id.*

The *Blalock* affidavit indicated that officers observed on remote, forested land a heavily secured greenhouse in which were growing unidentified green plants. The Supreme Court considered these facts sufficient foundation for the affiant's *conclusion* that marijuana was being cultivated. The affiant had clearly refrained from stating definitively that marijuana was on the premises. *Id.; see also Blalock v. State* (1985) 1st Dist.Ind.App., 476 N.E.2d 901 (detailing contents of the disputed affidavit).

■ Here, the daughter/source observed marijuana in a brown grocery bag in a drawer in her mother's bedroom. Her father/declarant subsequently observed marijuana in his daughter's possession. He also observed his daughter's attempt to telephone and forewarn her mother upon her realization that he intended to inform the police of the situation. Detective Morris observed the marijuana which the father had confiscated. These facts, together with the "rational and reasonable inferences drawn therefrom," *Blalock, supra,* 483 N.E.2d at 444, provided an adequate basis for a finding of probable cause to believe that a substantial amount of marijuana was to be found at the location.

Because Morris's affidavit satisfied the requirements of I.C. 35–33–5–2(a)(1), corroboration in satisfaction of I.C. 35–33–5–2(a)(2) was unnecessary.

## II

■ Brooks asserts that there was insufficient evidence to prove the element of possession. On review, we consider only the evidence favorable to the State and all reasonable inferences to be drawn therefrom. *Graham v. State* (1985) 1st Dist. Ind.App., 480 N.E.2d 981, *cert. denied,* 479 U.S. 1007, 107 S.Ct. 646, 93 L.Ed.2d 702. A finding of constructive possession must be supported by a determination that Brooks had both the intent and the capability to maintain control and dominion over the illegal drugs found in the bedroom. *Davenport v. State* (1984) Ind., 464 N.E.2d 1302, *cert. denied,* 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416; *Smith v. State* (1987) 2d Dist.Ind.App., 505 N.E.2d 81; *Martin v. State* (1978) 2d Dist., 175 Ind.App. 503, 372 N.E.2d 1194.

Brooks was alone in the premises when Detective Morris arrived to execute the warrant at approximately 8:15 a.m. As Brooks argues in his brief, this single fact is not sufficient to establish constructive possession, *Watt v. State* (1980) 2d Dist. Ind.App., 412 N.E.2d 90, because Brooks's control of the premises was not exclusive. *See Davenport, supra,* 464 N.E.2d 1302.

However, additional probative evidence of record supports a finding of constructive possession. Brooks's passport was discovered in a dresser drawer in the master bedroom, in close proximity to a brown bag containing marijuana. Cocaine was found on top of a chest containing men's clothing; Brooks later retrieved a pair of socks from that chest and his shoes from the bedroom floor. From all of these facts, a jury could reasonably conclude that Brooks maintained control over the illegal drugs. *See Everroad v. State* (1982) Ind., 442 N.E.2d 994 (constructive possession may be inferred from an item's close proximity to one's belongings); *Carnes v. State* (1985) 2d Dist.Ind.App., 480 N.E.2d 581 (ownership of clothing inferred from circumstances); *Watt, supra,* 412 N.E.2d 90 (supporting both propositions). The testimony of two officers indicating that Brooks twice claimed ownership of the drugs and paraphernalia strongly supports such conclusion. *Carnes, supra.*

**3.** Brooks relies erroneously on *Blalock v. State* (1985) 1st Dist.Ind.App., 476 N.E.2d 901, which the Supreme Court overruled in the published decision cited above.

All of these facts, together with the reasonable inferences drawn therefrom, support the jury's determination of constructive possession. Thus the evidence was sufficient to justify Brooks's conviction.

Affirmed.

BUCHANAN and STATON, JJ., concur.