Fred L. BROOKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49A04–8912–PC–579.

Court of Appeals of Indiana,
Fourth District.

July 2, 1990.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Fred L. Brooks appeals the denial of his post-conviction relief petition claiming his sentence was erroneous because two of the aggravating circumstances cited in support of enhanced and consecutive sentences were based on incorrect information. We reverse and remand with instructions.

### FACTS

Brooks was convicted of possession of cocaine, a Class D felony, and possession of marijuana, a Class A misdemeanor. The trial court sentenced Brooks to four years for the felony and one year for the misdemeanor and ordered the sentences to be served consecutively, thereby sentencing Brooks to the maximum sentence for both offenses.

Brooks conviction was affirmed by this court in *Brooks v. State* (1988), Ind.App., 526 N.E.2d 1027. Brooks did not raise the sentencing issue in his direct appeal.

In his post-conviction relief petition, Brooks claimed that two of the aggravating circumstances articulated by the trial court in support of the enhanced and consecutive sentences were based on erroneous information. The trial court found the following aggravating circumstances.

COURT: Alright, I find aggravating circumstances in this case. Mr. Brooks' prior criminal record is an aggravating circumstance. The fact that two of those prior offenses were drug offenses, I am convinced that Mr. Brooks was, in fact, on Federal Parole at the time he was arrested in this case.

Mr. Brooks: No I wasn't. This is erroneous.

COURT: It showed he received four years plus three years, parole. I find as an aggravating circumstance that there is another drug case pending, that arrest being subsequent to the arrest in this case. I find as an aggravating circumstance that Mr. Brooks left the courtroom, being aware that the jury had, in fact, reached a verdict. As to Count I, sentenced to four (4) years with the Department of Corrections. As to Count II, sentenced to one (1) year as a Class A Misdemeanor, Department of Corrections. I will order the sentences served consecutively.

(R. 190).

Brooks claimed that the finding that he was on parole was erroneous and that one of the two prior drug offenses mentioned by the court had been expunged pursuant to the Youthful Offenders Act, 18 U.S.C. § 5021.

The post-conviction court found that Brooks had waived the issue by failing to raise it on direct appeal and that even if the erroneous information was excluded there were sufficient additional aggravating circumstances to support the sentence.

### DECISION

Generally, a defendant may not raise issues in a post-conviction proceeding which were available to him on direct appeal. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. However, such issues may be raised if fundamental error is apparent on the record and such error is raised within the provisions of Ind.P.C.R. 1, § 1(a). *Id.*

Here, there is no question that this issue was available to Brooks on direct appeal. Brooks claims that this issue falls within P.C. 1, § 1(a)(3)—"that the sentence exceeds the maximum authorized by law, or is otherwise erroneous." In substance, he argues that a sentence based on erroneous information is fundamental error.

As our supreme court explained in *Williams v. State* (1984), Ind., 464 N.E.2d 893, 894:

" 'Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. *Johnson v. State* (1979), [271] Ind. [145], 390 N.E.2d 1005. It is not enough, in order to invoke this doctrine, to urge that a constitutional right is implicated. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved. *Nelson v. State* (1980), [274] Ind. [218], 409 N.E.2d 637.' "

In *Beasley v. State* (1983), Ind., 445 N.E.2d 1372, our supreme court held that an inadequate statement of aggravating circumstances was not fundamental error, when the trial court made a general statement of aggravating circumstances which was supported by the record, but failed to sufficiently particularize it. However, in *Pearson v. State* (1989), Ind.App., 543 N.E.2d 1141, (a post-conviction proceeding in which the defendant failed to raise the sentencing issue on direct appeal) this court noted that *Beasley* involved a case of an inadequate statement and held that a failure to state any aggravating circumstances required remand to the trial court for entry of specific and individualized findings in support of consecutive sentences, or resentencing to concurrent terms.

We believe this case is similar to *Pearson*. Although, as the State correctly notes, there were sufficient aggravating

circumstances to support enhancement and consecutive sentences, at least one of the reasons given by the trial court was untrue. In its Conclusions of Law, the post-conviction court stated:

2. This Court further concludes that even if the petitioner's allegations of sentencing error were properly before this Court, no relief could be granted, because *the erroneous information that may have been considered by the trial court as aggravating factors were not the only aggravating factors present.* Even if the allegedly erroneous information were excluded, the trial court was faced with sufficient aggravating factors to justify imposition of the petitioner's sentences. Because the sentences imposed were within statutory parameters, and because there existed sufficient aggravating factors to justify the sentences imposed, this Court concludes that the petitioner's allegations of sentencing error are without merit.

(R. 45) (emphasis added)

Although the court should have made a more specific finding of fact with regard to this issue, the underscored sentence indicates that the trial court may have felt that Brooks was *not* on parole or probation at the time he committed the offense for which he was sentenced. An examination of the record reveals that the evidence presented on this issue, which was not contested, consisted of an affidavit from Brook's federal parole officer which included a Notice of Discharge from the Justice Department showing he was discharged from parole May 20, 1984, a date before his arrest on July 27, 1985 for the present offense. The State does not argue here, nor did it claim at trial, that the information was incorrect. Thus, if we remand for an additional finding, the trial court would have no other alternative but to rely on the uncontested evidence that Brooks was not on parole when arrested for the present offense.

■ Although one aggravating circumstance may support both an enhancement and consecutive sentences. *See Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274;

*Parrish v. State* (1987), Ind., 515 N.E.2d 516, we note that sentencing does not involve a choice between three discrete alternatives—minimum, presumptive or maximum sentence. On the contrary, the trial court has discretion to impose any sentence within the minimum and maximum imposed by law, which is supported by an adequate statement of reasons, based on accurate information. Here, we cannot say that the inaccurate information did not contribute to the trial court's decision to impose the maximum sentence for both convictions and to order consecutive sentences.

In *United States v. Harris* (7th Cir. 1977), 558 F.2d 366, 373, the United States Court of Appeals stated:

In *Townsend v. Burke, supra,* [ (1948), 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690] the Supreme Court held that it violated due process to sentence a defendant "on the basis of assumptions concerning his criminal record which were materially untrue." 334 U.S. at 741, 68 S.Ct. at 1255. The Court noted that the defendant, being unrepresented by counsel, had no opportunity to correct the false foundation upon which his sentence was premised. *Id.* Similarly, in *United States v. Tucker, supra,* [ (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592] the Court set aside a sentence because it was based, at least in part, upon prior convictions which were subsequently held constitutionally invalid because obtained while defendant was not represented by counsel. *Tucker* and *Townsend* had been read broadly to preclude reliance upon "improper or inaccurate information" in making the sentencing determination. *Dorszynski* [*v. U.S.*], *supra,* 418 U.S. [424] 431, n. 7, 443, 94 S.Ct. 3042 [3047, n. 7, 3052, 41 L.Ed.2d 855]; *McGee v. United States,* 462 F.2d 243, 245, n. 2 (2d Cir.1972); *United States v. Espinoza,* 481 F.2d 553, 555 (5th Cir. 1973).

■ Here, Brooks had a right to have his sentence based on accurate information. At the post-conviction hearing, Brooks also presented evidence of other inaccuracies in the presentence report. These inaccuracies

should have been presented at the sentencing hearing. However, Brooks presented evidence that at the time of sentencing he was being treated for diabetes and a bone infection and was transported to the sentencing hearing from Wishard Hospital. He claims he was distracted by his medical condition. In addition, Brooks attempted to correct the information about his being on parole, and was effectively ignored.

Because the post-conviction court did not make a specific finding that Brooks was not on parole, the normal procedure would be to remand this matter to the post-conviction court to make a specific finding on Brook's probation status. As noted earlier, the only evidence before the court supported Brooks's assertion. Thus, in the interest of judicial economy, we will not remand for such a finding. Under these circumstances, we believe Brooks is entitled to another sentencing hearing and instruct the court to enter specific and individualized reasons for any sentence enhancement and/or the imposition of consecutive sentences.[1]

STATON, J., concurring.

CHEZEM, P.J., dissenting with opinion.

CHEZEM, Presiding Judge, dissenting.

I respectfully dissent. The post-conviction court made no finding whether Brooks was in fact on probation at the time he committed the instant offense. I do not think that such a crucial fact should be assumed from an "implied" finding. I would remand this matter to the post-conviction court to make the finding of Brook's probation status.

Assuming the post-conviction court finds Defendant was on probation at the time of the offense, the next inquiry is whether the sentencing decision was based on inaccurate information. At that point, Defendant

should be granted post-conviction relief in the form of a new sentencing hearing.

---

1. Brooks also argues that the statement of aggravating circumstances does not distinguish between those circumstances supporting the enhancement and those circumstances supporting consecutive sentences. As our supreme court explained in *Lindsey v. State* (1985), Ind., 485 N.E.2d 102, 108: "[S]entence enhancement is a separate and discrete decision from the imposition of consecutive sentences." Although the same aggravating circumstance may support both decisions, the trial court must separately indicate which factors, if any, support the enhancement and the consecutive sentences.