## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 28 2015, 8:49 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Caroline B. Briggs
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael C. Pulley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 28, 2015

Court of Appeals Case No.
79A02-1412-CR-852

Appeal from the Tippecanoe
Superior Court;
The Honorable Thomas H. Busch,
Judge;
79D02-1310-FA-16

**May, Judge.**

[1] Michael C. Pulley appeals his sentence for Class B felony possession of methamphetamine[1] and Class C felony possession of chemical reagents or precursors with intent to manufacture controlled substances.[2] He asserts the trial court erred in splitting his sentence between the Department of Correction (DOC) and Community Corrections, instead of ordering him placed in Community Corrections for the entire thirteen-year sentence. We affirm.

## Facts and Procedural History

[2] Pulley moved to Indiana in mid-2013. Six to eight weeks later, he was arrested with his brother, his sister-in-law, and his aunt for drug-related activities. Pulley was charged with multiple offenses related to the manufacture, possession, and dealing of methamphetamine. On June 18, 2014, Pulley agreed to plead guilty to Class B felony possession of methamphetamine and Class C felony possession of chemical reagents or precursors with intent to manufacture controlled substances.

[3] Pulley prepared a sentencing memorandum stating he provided for his dependents, he "participate[d] in regular parenting time," (App. at 23), he has "done well on bond," (*id*. at 24), he has been employed since "the day after his release in October 2013," (*id.*), he wished his bond to be applied to the

---

[1] Ind. Code § 35-48-4-6.1 (2006).

[2] Ind. Code § 35-48-4-14.5 (2013).

restitution order, he was involved with the drugs in question for only a short period of time, and his prior criminal history consists of a single misdemeanor.

[4] Pulley maintained there were no aggravators. Pulley noted the legislature has changed the enhancement regarding drug activity near a school from 1000 feet to 500 feet. As he was 674 feet from the school, under the new legislation, the enhancement would not apply. Although Pulley recognized the change in legislation would not apply to him, he asked the court to note, when sentencing, the change in legislative intent. Pulley requested all his sentence be served in Community Corrections. The State requested Pulley serve some of the sentence in DOC.

[5] Although substantially agreeing with the mitigators Pulley offered, the court did note as an aggravator that a child was in the home and subsequently tested positive for methamphetamine. The court reasoned Pulley could benefit from the DOC's "purposeful incarceration program."[3] (Tr. at 39.) The court sentenced him to eight years in DOC and five years in Community Corrections.

# Discussion and Decision

[6] Pulley asserts he was deprived of due process because the trial court's sentencing decision was based on the incorrect assumption that there was a

---

[3] Purposeful incarceration was explained by the court to be a "special unit within the prison where everybody . . . is engaged in the process of overcoming their drug abuse. They work together as a community to help each other to do that." (Tr. at 39.)

limit to how many years someone could be sentenced to Community Corrections.

[7] "[A] defendant is entitled to be sentenced only on the basis of accurate information. A sentence based on materially untrue assumptions violates due process." *Gardner v. State*, 270 Ind. 627, 638, 388 N.E.2d 513, 520 (1979) (citing *Townsend v. Burke*, 334 U.S. 736 (1948)). "[T]he trial court has discretion to impose any sentence within the minimum and maximum imposed by law, which is supported by an adequate statement of reasons, based on accurate information." *Brooks v. State*, 555 N.E.2d 1348, 1350 (Ind. Ct. App. 1990).

[8] Pulley correctly notes no statute prohibits the court from placing a person in community corrections for thirteen years. But such placement "is subject to the availability of residential beds or home detention units in a community corrections program." Ind. Code § 35-38-2.6-3 (2006). The court's statement – that it had been informed by Community Corrections that "it's not appropriate to put people on Community Corrections for more than five years," (Tr. at 41) – was not a legal pronouncement but rather was a statement about availability of the service in that community. As trial courts are in the best position to know the feasibility and availability of such placements, *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007), we cannot say the court's recognition of such practical limitations violated Pulley's due process.

[9] Furthermore, the court's discussion of the sentence it imposed demonstrates other reasons why the court thought Pulley would be better accommodated in

DOC. For instance, "[r]elapse is a constant danger for people who have a, a problem with drugs," (Tr. at 39), and the purposeful incarceration program within DOC was set up to deal with that danger. Pulley needed "treatment to develop the skill, the knowledge and the social structure that [he] need[s] in order to avoid relapse," (*id.* at 38), but Pulley had not been able to give treatment his "highest priority because of [his] work schedule." (*Id.*)

[10] There had been a child in the home where Pulley manufactured methamphetamine, and that child tested positive for methamphetamine. Pulley's participation with manufacturing methamphetamine was "not just one day, one mistake, it went on for a period of time and before that [Pulley was] using drugs pretty heavily for several years." (*Id.*) The court noted Pulley's plea agreement did not "indicate that [Pulley] had a greater role than [possession of drugs]." (*Id.* at 40.) As the court fully explained why Pulley should serve part of his sentence in the DOC, we cannot find error. *See Fonner,* 876 N.E.2d at 344 (upholding trial court's decision to deny Fonner's request for "supervised day reporting" given Fonner's "continuous record of vehicle-related misdemeanor and felony convictions over a fourteen-year period and failure of a previous community corrections placement").

[11] Finding no violation of due process or error in Pulley's placement in the DOC, we affirm.

[12] Affirmed.

Robb, J., and Mathias, J., concur.